Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>VÍCTOR M. RIVERA RIVERA<br><br>Peticionario | TA2025CE00893 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Sobre:  ART. 106 C.P., OTROS<br><br>Caso Núm.: JVI2006G0057 Y OTROS |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de febrero de 2026.

Comparece ante nos —*por derecho propio*— el Sr. Víctor M. Rivera Rivera ("señor Rivera Rivera" o "peticionario"), mediante el presente recurso de *certiorari*. Inferimos que el señor Rivera Rivera desea revisar la <u>Orden</u> emitida el 6 de noviembre de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Ponce ("TPI"). En lo pertinente, el foro expresó: *"[E]l Tribunal emitió su determinación de NO HA LUGAR el 23 de diciembre de 2016 y notificada el 11 de enero de 2017"*.

Examinado el recurso presentado, procedemos a **denegar** el auto de *certiorari* solicitado.

**-I-**

Del expediente surge que el **4 de noviembre 2025**, el señor Rivera Rivera presentó un escrito intitulado: <u>Moción</u>.[2] Mediante <u>Orden</u> emitida el **6 de noviembre de 2025**,[3] el TPI determinó que:

---

[1] No surge del expediente la fecha de notificación de dicha Orden.
[2] Dicha información surge de la *Orden* recurrida. *Véase,* Apéndice 2 de la Entrada Núm. 1 del caso TA2025CE00893 en SUMACTA.
[3] Apéndice 2 de la Entrada Núm. 1 del caso TA2025CE00893 en SUMACTA.

El 21 de noviembre de 2016 el Sr. Víctor M. Rivera Rivera presentó *Moción* al amparo de la Regla 192.1 de Procedimiento Criminal.

El Tribunal emitió su determinación de NO HA LUGAR el 23 de diciembre de 2016 y notificada el 11 de enero de 2017.

Aténgase a lo ya resuelto previamente.[4]

Inconforme, el **24 de noviembre de 2025**, el peticionario formalizó la entrega del recurso de *certiorari* ante el Departamento de Corrección.[5] Aun cuando no realizó señalamiento de error, inferimos que solicita la modificación de su sentencia.

El **29 de diciembre de 2025,** la Oficina del Procurador General, en representación del Pueblo de Puerto Rico, presentó *ESCRITO EN CUMPLIMIENTO DE RESOLUCIÓN Y SOLICITUD DE DESESTIMACIÓN.*[6]

-II-

La Regla 34(C)(1) y (E) del Reglamento del Tribunal de Apelaciones,[7] dispone qué contendrá la solicitud de *certiorari* en cuanto al Cuerpo y el Apéndice:

**(C) Cuerpo**
(1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
(a) En la comparecencia, el nombre de las partes peticionarias.
(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.
(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari*.

La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

---

[4] *Íd.*
[5] El 8 de diciembre de 2025 el recurso fue presentado ante este Tribunal. Entrada Núm. 1 del caso TA2025CE00893 en SUMACTA.
[6] Entrada Núm. 4 del caso TA2025CE00893 en SUMACTA.
[7] Regla 34(C)(1) y (E) del Reglamento del Tribunal de Apelaciones, según enmendadas, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 55-57, 215 DPR ____ (2025).

(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

(g) La súplica.

[....]

**(E) Apéndice**

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

(i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;

(ii) en casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a esta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia. [...].[8]

El Tribunal Supremo de Puerto Rico ha reiterado que las disposiciones reglamentarias sobre los recursos que se presentan ante el Tribunal de Apelaciones *deben observarse rigurosamente.*[9]

De igual modo, las partes están *obligadas* a cumplir fielmente el trámite prescrito en las correspondientes leyes y reglamentos aplicables al proceso de perfeccionamiento de los recursos y *no puede quedar a su arbitrio decidir qué disposiciones reglamentarias deben acatarse y cuándo.*[10] Todavía más, una parte no puede utilizar como subterfugio su comparecencia *por derecho propio* para

---

[8] *Íd. Énfasis nuestro.*
[9] *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).
[10] *Íd.*

incumplir con las normas procesales en cuanto a la presentación y perfeccionamiento de los recursos.[11]

En consecuencia, la Regla 83(C) del Reglamento del Tribunal de Apelaciones nos autoriza, a iniciativa propia, a desestimar un recurso de apelación o *denegar un auto discrecional* por cualquiera de los motivos consignados en el inciso (B) precedente.[12] De igual forma, la Regla 83 (B)(3) permite que una parte pueda solicitar en cualquier momento la desestimación de un recurso dado que *no se ha presentado o proseguido con diligencia o de buena fe.*[13]

**-III-**

Inferimos que el señor Rivera Rivera recurrió ante nos para solicitar la modificación de su sentencia. Sin embargo, a tenor con la normativa jurídica expuesta, advertimos que el recurso adolece de grandes deficiencias que nos impide considerar los méritos del mismo.

Primeramente, el peticionario no presentó el apéndice completo, según lo exige la citada Regla 34 Reglamento del Tribunal de Apelaciones, *supra.* En específico, no contamos con la <u>*Moción*</u> presentada ante el TPI, por lo que desconocemos cuál o cuáles fueron las peticiones y los fundamentos presentados en esa etapa. Con lo único que contamos es con la <u>*Orden*</u> recurrida y esbozada en el tracto procesal de esta Resolución.

En segundo orden, en el recurso ante nos el peticionario no realizó una coherente relación de hechos, tampoco hizo señalamiento de error alguno o discusión en derecho para sostener

---

[11] *Febles v. Romar,* 159 DPR 714, 722 (2003).

[12] La Regla 83(C) de nuestro Reglamento establece lo siguiente: "*El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto*". Véase; Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs.116 – 118, 216 DPR ____ (2025).

[13] Véase; Regla 83(B)(3) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs.116 – 118, 216 DPR ____ (2025).

su petitorio. Es decir, el recurso ante nos no se ha presentado o proseguido con la debida diligencia.

A tono con lo antes dicho, nos vemos obligados a ***denegar*** la expedición del *certiorari* solicitado, en virtud de los incisos (B)(3) y (C) de la Regla 83 del Reglamento del Tribunal de Apelaciones,[14] ya que el mismo no se ha presentado con diligencia.

### -IV-

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[14] Idem.